IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

NOV 0 5 2008

GREGORY C. LANGHAM
CLERK

Civil Action No. 08-cv-01741-BNB

ARCHIE J. POOLE,
        Plaintiff,

v.

JUDGE M. JON KOLOMITZ, Bent County District Court,
        Defendant.

---

ORDER OF DISMISSAL

---

Plaintiff, Archie J. Poole, is a prisoner in the custody of the Colorado Department
of Corrections who currently is incarcerated at the Crowley County Correctional Facility
in Olney Springs, Colorado. Mr. Poole filed *pro se* a civil rights complaint for money
damages pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1343(a)(3) against the state
court judge who issued a mandatory protection order against him.

Mr. Poole has been granted leave to proceed pursuant to the federal *in forma
pauperis* statute, 28 U.S.C. § 1915 (2006). Subsection (e)(2)(B) of § 1915 requires a
court to dismiss *sua sponte* an action at any time if the action is frivolous or malicious or
seeks monetary relief against a defendant who is immune from such relief. A legally
frivolous claim is one in which the plaintiff asserts the violation of a legal interest that
clearly does not exist or asserts facts that do not support an arguable claim. *Neitzke v.
Williams*, 490 U.S. 319, 324 (1989).

Mr. Poole is cautioned that his ability to file a civil action or appeal in federal court
*in forma pauperis* pursuant to 28 U.S.C. § 1915 may be barred if he has three or more

actions or appeals in any federal court that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(g). Under § 1915(g), the Court may count dismissals entered prior to the enactment of this statute. *Green v. Nottingham*, 90 F.3d 415, 420 (10th Cir. 1996).

The Court must construe the complaint liberally because Mr. Poole is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the complaint and the action.

Mr. Poole alleges that on June 5, 2006, Defendant, the Honorable M. Jon Kolomitz, issued a mandatory protection order in his Bent County District Court Criminal Case, *Colorado v. Poole*, No. 2006CR28, in which the judge indicated Defendant's race by the letter "N." *See* complaint at 1. He further alleges that at his August 2006 sentencing, the judge explained he meant nothing by his use of the letter "N" and offered to change the letter to a "B" for "Black" if Plaintiff so desired. *See id.* Plaintiff complains that he is "African-American," *see id.*, and that the judge was prejudiced against him. On the basis of these allegations, he contends that his constitutional rights have been violated.

The Defendant judge is immune from liability because Mr. Poole can make no rational argument that this Defendant violated his rights simply because he issued a mandatory protection order in which he indicated his race as "N." *See Mireles v. Waco*, 502 U.S. 9, 11-12 (1991); *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978); *Hunt v.*

2

*Bennett*, 17 F.3d 1263, 1266-67 (10th Cir. 1994). The appropriate inquiry in determining whether a particular judge is immune is whether the challenged action was "judicial" and whether at the time the challenged action was taken, the judge had subject matter jurisdiction. *See Stump*, 435 U.S. at 356. Stated differently, judges are liable only when they act in "clear absence of all jurisdiction"; they are absolutely immune even when their action is erroneous, malicious, or in excess of their judicial authority. *Id.* at 356-57. The Defendant judge clearly acted within his jurisdiction in ruling on Mr. Poole's state proceedings. Mr. Poole's complaint is precisely the type of filing that the Supreme Court has recognized as necessitating the doctrine of judicial immunity. *See Butz v. Economou*, 438 U.S. 478, 512 (1978) (citing *Pierson v. Ray*, 386 U.S. 547, 554 (1967)) ("The loser in one forum will frequently seek another, charging the participants in the first with unconstitutional animus.").

Not only is Mr. Poole's complaint legally frivolous and malicious and seek monetary relief against a defendant who is immune from such relief, but this Court appears to lack subject matter jurisdiction over his claims. Pursuant to Fed. R. Civ. P. 12(h)(3), the Court must dismiss an action if the Court lacks subject matter jurisdiction. The issue of subject matter jurisdiction may be raised *sua sponte* by the Court at any time during the course of the proceedings. *See McAlester v. United Air Lines, Inc.*, 851 F.2d 1249, 1252 (10th Cir. 1988). "The party seeking to invoke the jurisdiction of a federal court must demonstrate that the case is within the court's jurisdiction." *United States v. Bustillos*, 31 F.3d 931, 933 (10th Cir. 1994).

To the extent that Mr. Poole is asking the Court to review and reverse decisions entered in his state court criminal proceedings, the Court lacks subject matter jurisdiction. The *Rooker-Feldman* doctrine provides that federal courts, other than the United States Supreme Court, lack jurisdiction to adjudicate claims seeking review of state court judgments. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923). The *Rooker-Feldman* doctrine precludes "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005); *see also Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994) (stating that the losing party in a state court proceeding is generally "barred from seeking what in substance would be appellate review of a state court judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights."). Review of a state court judgment must proceed to the state's highest court and then to the United States Supreme Court pursuant to 28 U.S.C. § 1257. *See Facio v. Jones*, 929 F.2d 541, 543 (10th Cir. 1991).

The *Rooker-Feldman* doctrine bars not only cases seeking direct review of state court judgments; it also bars cases that are "inextricably intertwined" with a prior state court judgment. *See Feldman*, 460 U.S. at 482 n.16. "To determine whether a federal plaintiff's claim is inextricably intertwined with a state court judgment, [the Court] must pay close attention to the relief the plaintiff seeks." *Crutchfield v. Countrywide Home Loans*, 389 F.3d 1144, 1147-48 (10th Cir. 2004). "Where a plaintiff seeks a remedy that

4

would disrupt or undo a state court judgment, the federal claim is inextricably intertwined with the state court judgment." *Id.* at 1148.

Furthermore, the ***Rooker-Feldman*** doctrine "precludes not only review of adjudications of the state's highest court, but also the decisions of its lower courts." **See *Jordahl v. Democratic Party of Va.*, 122 F.3d 192, 199 (4th Cir. 1997)**. Finally, the ***Rooker-Feldman*** doctrine bars review not only of final judgments entered by state courts, but also of their interlocutory orders. **See *Brown & Root, Inc. v. Breckenridge*, 211 F.3d 194, 199 (4th Cir. 2000)**.

As noted above, Mr. Poole appears to be asking this Court to review and reverse decisions entered in his state court criminal proceedings. Therefore, the Court finds that the action also must be dismissed for lack of subject matter jurisdiction pursuant to the ***Rooker-Feldman*** doctrine. **See *Van Sickle v. Holloway*, 791 F.2d 1431, 1436 (10th Cir. 1986)**. Accordingly, it is

ORDERED that the complaint and the action are dismissed pursuant to 28 U.S.C. § 1915 as legally frivolous and malicious and because Plaintiff, Archie J. Poole, seeks relief from a defendant who is immune from such relief. It is

FURTHER ORDERED that the complaint and the action are dismissed for lack of subject matter jurisdiction.

DATED at Denver, Colorado, this _4_ day of ____*Nov*____, 2008.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

5

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-01741-BNB

Archie J. Poole
Prisoner No. 90046
Crowley County Corr. Facility
6564 State Hwy. 96
Olney Springs, CO 81062-8700


    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on ___11/6/08___

                          GREGORY C. LANGHAM, CLERK


By:_____
                Deputy Clerk